93 So.2d 86 (1956)
Fred HARTNETT, as Mayor and Commissioner of the City of Coral Gables, Florida, W. Keith Phillips, Lucille Neher, Robert L. Searle and John M. Montgomery, Members of the City Commission in and for the City of Coral Gables, Florida, Appellants,
v.
W.P. AUSTIN and Wilmeth F. Austin, his wife, Appellees.
Supreme Court of Florida, en Banc.
December 5, 1956.
*87 Edward L. Semple, Miami, for appellants.
Gustafson, Persandi & Vernis, Coral Gables, and Anderson & Nadeau, Miami, for appellees.
M.L. Mershon and W.O. Mehrtens and Evans, Mershon, Sawyer, Johnston & Simmons, Miami, amici curiae.
THORNAL, Justice.
Appellants, Hartnett and others, who were defendants below, seek reversal of a final decree holding a zoning ordinance of the City of Coral Gables to be invalid.
Several points are assigned for reversal. The determining question, however, is the validity of a zoning ordinance which is made contingent upon the subsequent execution of a contract between the city and private parties.
Burdines, Inc., alleging itself to be the holder of an option to purchase the property in question, requested the City Commission to change the zoning classification of the property from single-family residential use to commercial use. The change was necessary in order to enable Burdines to construct a large shopping center with an *88 adjoining parking lot. The City Commission, after hearing, adopted Ordinance No. 897 undertaking to amend its original zoning ordinance which was numbered 271.
Ordinance 897, which is here under attack, provided that the requested change should be made. However, the ordinance expressly provided that "all of the re-zoning is subject to and dependent upon the full and complete observance of the limitations, restrictions and other requirements imposed as hereinafter set forth". Following this provision a number of contingencies were prescribed as conditions to the effectiveness of the amendatory ordinance. In summary these conditions were: (1) a "Bay Point type wall" shall be placed around the perimeter of the property not less than 40 feet inside the property line abutting certain streets; (2) the 40-foot strip shall at all times be kept and maintained in a condition prescribed by the City Commission at the expense of the property owner; (3) suitable contracts shall be entered into between the city and the property owner covering the above requirements and also providing for control of lights on the premises in order to bring about "as little glare and disturbance" as possible to the people in the neighborhood (this expense was to be borne by the property owner); (4) the property owner should furnish and pay for adequate police protection within the rezoned area; (5) to submit to the City Commission for approvel plans and specifications of any proposed building; and (6) the property owner shall not open access to certain abutting streets.
The appellees, Austin, who owned and occupied a home across the street from the area proposed to be re-zoned, filed a complaint seeking an injunction against the enforcement of the ordinance. The Chancellor agreed that the ordinance was invalid and permanently enjoined its enforcement. Reversal of this decree is now sought.
Appellants contend that the ordinance was a valid exercise of the zoning powers of the city; that in the absence of a clear showing as to invalidity, the ordinance should be upheld; that at most, need for the change in the zoning is "fairly debatable" and that therefore the decision of the City Commission should not be disturbed.
Appellees contend that the ordinance is clearly invalid; that they purchased their property in reliance upon the then-existing zoning ordinance; that they have a right to a continuance of the then-existing regulations in the absence of a showing of a change in the area that justifies the amendment; that there has been no such showing, and that further, the ordinance by its very terms is made contingent upon the subsequent execution of a contract with private parties and this results in a degree of indefiniteness and uncertainty that destroys the ordinance as a valid municipal enactment.
By very able briefs, the parties have raised for our consideration numerous questions. The point which we consider fatal to the ordinance disposes of the necessity to discuss all of the incidental questions.
It is a rule long recognized by the precedents that a municipal ordinance should be clear, definite and certain in its terms. An ordinance which is so vague that its precise meaning cannot be ascertained is invalid, even though it may otherwise be constitutional. The reason for the rule is the necessity for notice to those affected by the operation and effect of the ordinance. The provisions of a municipal ordinance which conditions its effectiveness upon the necessity for the subsequent execution of a contract with private parties such as was done in the case at bar cannot be held to provide the degree of clarity and certainty that is required of municipal legislation. See McQuillan on Municipal Corporations, 3d Ed., Vol. 5, Sec. 15.24.
The above announced rule is particularly applicable to the exercise of the zoning power which is an aspect of the police power.
*89 The above announced rule is particularly applicable to the exercise of the zoning power which is an aspect of the police power. While the authority to exercise this power, when delegated by the State, is generally recognized, nevertheless, the restriction on property rights must be declared as a rule of law in the ordinance and not left to the uncertainty of proof by extrinsic evidence whether parol or written. Johnson v. City of Huntsville, 1947, 249 Ala. 36, 29 So.2d 342.
A municipality has no authority to enter into a private contract with a property owner for the amendment of a zoning ordinance subject to various covenants and restrictions in a collateral deed or agreement to be executed between the city and the property owner. Such collateral agreements have been held void in all of the cases to which we have been referred. Snow v. Van Dam, 291 Mass. 477, 197 N.E. 224; V.F. Zahodiakin Eng. Corp. v. Zoning Board of Adjust., 8 N.J. 386, 86 A.2d 127; Houston Petroleum Co. v. Automotive Prod. C. Ass'n, 9 N.J. 122, 87 A.2d 319; Rathkopf on The Law of Zoning and Planning, 3d Ed., Vol. 2, p. 392. Any contrary rule would condone a violation of the long established principle that a municipality cannot contract away the exercise of its police powers. When a zoning ordinance is amended by changing the classification of particular property, such amendment must be justified by a change in the use value of the property involved.
We are not here receding in any fashion from our established rule that if the need for a change in a zoning ordinance is "fairly debatable" the decision of the governing authority will be given the benefit of the doubt. Here the ordinance expressly recognized that the change was justifiable only: (1) if the Bay Point Wall was built; (2) if there was a 40-foot set-back; (3) if the set-back area was landscaped and maintained; (4) if surrounding property owners were protected against glare and disturbance; and (5) if the property owner paid for police protection. All of these "ifs" were to be included in a proposed collateral private contract to be executed in the future. If the City Commission, after appropriate hearing, had determined that the highest and best use value of the land had changed from residential to commercial, then the "fairly debatable" rule might have a sphere of applicability. This was not done.
In exercising its zoning powers the municipality must deal with well-defined classes of uses. If each parcel of property were zoned on the basis of variables that could enter into private contracts then the whole scheme and objective of community planning and zoning would collapse. The residential owner would never know when he was protected against commercial encroachment. The commercial establishments on "Main Street" would never know when they had protection against inroads by smoke and noise producing industries. This is so because all genuine standards would have been eliminated from the zoning ordinance. The zoning classifications of each parcel would then be bottomed on individual agreements and private arrangements that would totally destroy uniformity. Both the benefits of and reasons for a well-ordered comprehensive zoning scheme would be eliminated.
The adoption of an ordinance is the exercise of municipal legislative power. In the exercise of this governmental function a city cannot legislate by contract. If it could, then each citizen would be governed by an individual rule based upon the best deal that he could make with the governing body. Such is certainly not consonant with our notion of government by rule of law that affects alike all similarly conditioned.
This opinion is not to be construed as being adversely critical of the policy adopted by appellants in this instance. Conceivably, if effectuated, the plan might redound *90 to the economic benefit of the community. We have dealt here solely with a question of municipal power, not policy. When the nub of the problem is isolated and subjected to the criterion of municipal power to act in the manner here revealed, we are compelled to reach the conclusion which we here announce. We find no authorities to the contrary.
We encounter no difficulty in concluding that the appellees were entitled to bring the suit. They occupied their homes immediately across the street from the proposed parking area. They relied on the existing zoning conditions when they bought their homes. They had a right to a continuation of those conditions in the absence of a showing that the change requisite to an amendment had taken place. They allege that the contemplated change would damage them and that it was contrary to the general welfare and totally unjustified by existing conditions. This gave them a status as parties entitled to come into court to seek relief. True their rights were subject to the power of the city to amend the ordinance on the basis of a proper showing. Nonetheless, they have a right to insist that the showing be made.
We point out in passing that the applicant Burdines was not appealing to a Board of Adjustment for a variance on the basis of any hardship. They were seeking an outright change in the zoning ordinance by amendment. In this regard they were mere optionees of the property. Not being owners thereof, they would hardly have any standing before a Board of Adjustment on the basis of an alleged hardship. What we have here held might not be applicable to a proper application for a variance by an owner based on hardship. This is a point which we are not called upon to decide. For limitations on the authority to "amend" under the guise of a "variance" see Yolkey on Zoning Law and Practice, 2d Ed., Sec. 140, and many cases there cited.
As pointed out above, our solution to the vital question discussed disposes of the controversy. We deem it unnecessary to prolong our discussion by delving into the other points raised.
The Chancellor ruled correctly in holding the ordinance invalid and his decree is 
Affirmed.
DREW, C.J., TERRELL and O'CONNELL, JJ., and WALKER, Associate Justice, concur.
ROBERTS, J., dissents.