526 So.2d 695 (1988)
Joseph MOLINA and Lake Boynton Estates Homeowners Association, Inc., Appellants,
v.
TRADEWINDS DEVELOPMENT CORP., by Its Agent, Keran KILDAY, and the City of Boynton Beach, Appellees.
CITY OF BOYNTON BEACH, Petitioner,
v.
TRADEWINDS DEVELOPMENT CORPORATION, Respondent.
Nos. 4-86-2900, 87-0370 and 87-0524.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
Rehearings Denied July 6, 1988.
Terrell K. Arline of Terrell K. Arline, P.A., West Palm Beach, for appellants.
F. Martin Perry, West Palm Beach, and John Beranek of Klein & Beranek, P.A., West Palm Beach, for appellee-Tradewinds.
Fred W. Mattlin and Gloria O. North of Siemon, Larsen, Mattlin & Purdy, Boca Raton, and Raymond Rea, City Atty., Boynton Beach, for appellee-City of Boynton Beach.
Kirk Friedland, West Palm Beach, and Fred W. Mattlin of Siemon, Larsen, Mattlin & Purdy, Boca Raton, for petitioner.
John Beranek of Klein & Beranek, P.A., West Palm Beach, for respondent.
PER CURIAM.
Appellants, Joseph Molina and Lake Boynton Estates Homeowners Association, Inc., (Intervenors) appeal a final order approving an agreement that settled a zoning dispute between appellees, City of Boynton Beach (City) and Tradewinds Development Corporation (Tradewinds). Intervenors also seek reversal of a nonfinal order granting Tradewinds' motion to compel the City to comply with the agreement. City also seeks review by a petition for writ of certiorari of the nonfinal order compelling compliance with the agreement. We sua sponte consolidate Intervenor's appeal and City's petition for writ of certiorari.
Intervenors contend the settlement agreement and the orders approving and enforcing it result in invalid contract zoning and that the orders are violative of the separation of powers doctrine and applicable state laws. City, in its petition for certiorari, contends that the order compelling *696 it to comply with the settlement agreement infringes upon its legislative function and violates local ordinances and state statutes. Both Intervenors and the City argue that the order compelling compliance does away with the requirements of public hearings and amended applications from Tradewinds.
We have carefully reviewed the settlement agreement and the order directing compliance with the agreement and find nothing in the order that limits, prohibits or eliminates the obligation of Tradewinds and the City to comply with applicable zoning ordinances, statutes and laws as they may pertain to the amendment of a zoning ordinance. The settlement agreement expressly provides for compliance with applicable zoning laws and the trial court's order also provides:
The Defendant City shall proceed with the re-zoning process pursuant to the Stipulation of the parties and shall adopt ordinances relative to the Planned Unit Development in conformity with the Settlement Agreement. The ordinances shall be scheduled for reading as required by the City Charter forthwith.
We do not construe this order as eliminating the necessity for public hearings or the filing of such amended applications as may be required by a party seeking a zoning change, nor does Tradewinds make such a claim. In fact, Tradewinds concedes that it must file an amended application encompassing the changes contemplated by the settlement agreement. Therefore, our approval of the order compelling compliance with the agreement should not be construed as abrogating or modifying the City's or any concerned state agency's obligation to follow applicable zoning and landuse laws.
Finally, the trial court, pursuant to the parties' stipulation, expressly included a reservation of jurisdiction in its final order approving the settlement to enforce the terms of the agreement. We find no error in the trial court's exercise of that reservation of jurisdiction or in its order enforcing the terms of the agreement between the City and Tradewinds. Broadband Engineering, Inc. v. Quality RF Services, Inc., 450 So.2d 600 (Fla. 4th DCA 1984).
Accordingly, we affirm the trial court's order directing compliance with the settlement agreement. However, the result we have reached should not be construed to affect the Intervenors' right to challenge any subsequent action taken by the City regarding amended applications which may be submitted by Tradewinds. We deny the City's petition for writ of certiorari.
ANSTEAD, DELL and STONE, JJ., concur.