**Roy PROCK and Wanda Prock, Timothy Shrout and Kimberly Shrout, Appellants–Plaintiffs,**

**v.**

**TOWN OF DANVILLE, Waste Management of Indiana, Inc., Paul G. Leondis and Mary Leondis, Appellees–Defendants.**

**No. 32A01–9503–CV–77.**

Court of Appeals of Indiana.

Sept. 18, 1995.

Transfer Denied Feb. 29, 1996.

Michael L. Carmin, Stacy Weeks, Andrews, Harrell, Mann, Chapman & Coyne, P.C., Bloomington, for appellants.

Michael R. Freuhwald, Stephen W. Lee, Barnes & Thornburg, Indianapolis, for Waste Management of Indiana, Inc. and the Leondis'.

Kevin W. Dogan, Brian A. Statz, Lewis & Kappes, Indianapolis, for Town of Danville.

Bette J. Dodd, Karen E. Arland, Ice Miller Donadio & Ryan, Indianapolis, Amicus Curiae–Indiana Municipal Lawyers Association.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Roy and Wanda Prock and Timothy and Kimberly Shrout (Plaintiffs) claim that the trial court erred in granting appellees-defendants the Town of Danville, Waste Management of Indiana, Inc., and Paul and Mary Leondis' (collectively Town) motion to dismiss Plaintiffs' complaint which alleged that the Town's ordinance that annexed and zoned property for use as a landfill was illegal.

### FACTS

Prior to February 1994, Waste Management and the Leondis' requested that the Town of Danville (Town) annex certain real property owned by them and zone the property for use as a landfill. In response to the request, on February 22, 1994, the Town Council of Danville adopted Ordinance No. 5 which annexed and zoned the property owned by Waste Management and the Leondis'. Thereafter, Waste Management and the Town entered into a Host Community Agreement (HCA). That agreement provided, among other things, that Waste Management would: 1) reserve space in its landfill to

dispose of waste materials generated in the Town for the next 26 years, 2) abide by various limitations on the operation of the landfill and permit inspections, 3) maintain roads to the front gate of the landfill, 4) cooperate in the development of plans for recreational facilities on the property, 5) pay the Town certain fees per ton of waste received at the landfill, and 6) make three annual payments of $50,000 to the Greater Danville Chamber of Commerce to be used to promote economic development in the Town. In exchange for these guarantees, the Town agreed to actively support the use of the landfill and to support Waste Management's future attempts to secure permits for expanding the landfill. The Town also agreed to provide Waste Management with municipal water and sewage services.

On April 18, 1994, the Plaintiffs, who own property outside of the Town's limits but adjacent to the property that was annexed and zoned by Ordinance No. 5, filed a complaint, pursuant to IND.CODE § 34–4–10–2, seeking a declaratory judgment that Ordinance No. 5 was illegal. The Plaintiffs alleged that the Town's annexation and zoning of the property was illegal because: 1) the Town failed to adopt a written fiscal plan for the provision of services in the annexed territory as required by IND.CODE § 34–4–3–13(d); 2) the Town failed to approve the annexation and adopt an ordinance within sixty days after the annexation petition was filed as required by IND.CODE § 34–4–3–5(b); 3) the Town adopted a zoning ordinance over property which it had not yet annexed and thus, was not within its control; and 4) the HCA constitutes an illegal contract for zoning in that in exchange for Waste Management's promise to pay $150,000 to the Town, the Town contracted to zone the property in favor of Waste Management.

In response to the Plaintiffs' complaint, the Town filed a motion to dismiss for failure to state a claim in which it alleged that the Plaintiffs lacked standing to challenge the annexation portion of Ordinance No. 5 because they did not reside within the annexed territory. Further, the Town asserted that the zoning occurred simultaneously with the annexation which is permitted by law and that the HCA was not a contract for zoning. On August 25, 1994, prior to the hearing on the motion to dismiss, the Plaintiffs filed a motion for leave to amend their complaint to include an allegation that Prock was a general partner in a partnership that owned land within the Town's limits. Since Prock paid taxes to the Town on that land, the Plaintiffs alleged that they had standing to challenge the annexation as taxpayers of the Town. The court took the motion to amend under advisement and held a hearing on the motion to dismiss. The court granted the motion to dismiss and, thereafter, denied the Plaintiff's motion to amend the complaint.

In dismissing the complaint, the trial court found that the Plaintiffs did not have standing to challenge the annexation portion of Ordinance No. 5 since they did not reside in the annexed area. The court also found that the Plaintiffs could not pursue an action under the Declaratory Judgment Act because IND.CODE § 36–4–3–11 specifically provides that the only remedy for challenging a municipal annexation is to file a remonstrance. Finally, the court found that even if the action for declaratory relief was a permissible form of action, the Plaintiffs had not shown that they had been adversely affected by the annexation. As to the Plaintiffs' challenge to the zoning portion of Ordinance No. 5, the court found that the ordinance specifically provided that the zoning did not become effective until after the annexation of the property; therefore, the zoning was authorized. Further, the court found that the HCA did not constitute a contract for zoning because it did not impose any requirement upon the Town to zone the property in a particular way. On November 21, 1994, the Plaintiffs filed a motion to correct error which the court denied on December 19, 1994. The Plaintiffs appeal the trial court's dismissal of both the annexation and zoning challenges in their complaint as well as the trial court's denial of their motion to amend the complaint.

*DISCUSSION AND DECISION*[1]

### I. Standard of Review

■ The Plaintiffs contend that the trial court erred in granting the Town's motion to dismiss. A motion to dismiss tests the legal sufficiency of a complaint. *Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1101. In reviewing the dismissal of a complaint under Ind. Trial Rule 12(B)(6), the facts alleged in the complaint must be taken as true and only where it appears that under no set of facts could plaintiffs be granted relief is dismissal of the complaint appropriate. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 573.

### II. Annexation Challenge

■ The power of annexation is fundamentally legislative, and the judicial role in annexation cases is limited to that prescribed by statute. *Chidester v. City of Hobart* (1994), Ind., 631 N.E.2d 908, 910. In the present case, the annexation was made pursuant to IND.CODE §§ 36–4–3–1 through 36–4–3–22. I.C. § 36–4–3–11(a) provides:

Whenever territory is annexed by a municipality under this chapter, the annexation may be appealed by filing with the circuit or superior court of the county in which the annexed territory is located a written remonstrance signed by:

(1) a majority of the owners of land in the annexed territory; or

(2) the owners of more than seventy-five percent (75%) in assessed valuation of the land in the annexed territory.

Thus, the mere fact that an individual is a property owner within the annexed territory does not entitle that individual to file a remonstrance. Rather, only a majority of the property owners in the territory or property owners owning at least 75% of the assessed value of the territory can file a remonstrance. Additionally, the General Assembly has granted a limited right of judicial review to adjacent landowners within one-half mile of the territory proposed to be annexed. IND. CODE § 36–4–3–15.5(a). Those individuals may file a remonstrance only if they are claiming that the territory to be annexed is not contiguous to the annexing municipality.

■ In the present case, the Plaintiffs' complaint did not allege that they owned property in the annexed area or that the annexed territory was not contiguous to the annexing municipality. Thus, the Plaintiffs did not qualify under the annexation statute to file a remonstrance to challenge the Town's annexation portion of Ordinance No. 5. Since the Plaintiffs could not file a remonstrance, they instead filed a motion for declaratory relief, pursuant to IND.CODE § 34–4–10–2, requesting that the court declare the annexation illegal and void. However, the trial court dismissed the plaintiffs' complaint holding that declaratory relief could not be pursued because I.C. § 36–4–3–11 specifically provides that remonstrance is the only remedy for challenging a municipal annexation.

On appeal, the Plaintiffs contend that they are entitled to challenge the annexation portion of Ordinance No. 5 under the Uniform Declaratory Judgment Act which provides:

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

I.C. § 34–4–10–2. The Plaintiffs argue that if they are not permitted to pursue declaratory relief they will have no forum in which to seek a remedy for their damages, which they allege are a decrease in the value of their properties due to the existence of the landfill. In support of their argument that they should be entitled to seek declaratory relief, the Plaintiffs cite *Deaton v. City of Greenwood* (1991), Ind.App., 582 N.E.2d 882, 885, in which this court stated that aside from filing a remonstrance, the only other method of challenging a city's annexation is a declaratory judgment suit; however, this method is available only to taxpayers of the annexing

---

1. Oral argument was heard in this case in Indianapolis on August 17, 1995.

city. In *Deaton*, we held that two plaintiffs, who did not qualify to file a remonstrance because they were not landowners of property within the annexed territory, were entitled to bring a declaratory judgment action to challenge a municipal annexation ordinance because they resided within the annexing city and thus, were taxpayers of the annexing city. Ultimately, however, we dismissed the action after determining that the plaintiffs lacked standing to seek declaratory relief because they had failed to show that they were harmed by the annexation. Specifically, the plaintiffs alleged that the City failed to designate a legislative district for the annexed territory which deprived them of representation. However, since the plaintiffs did not reside within the annexed territory, we determined that they had not been deprived of representation and, as a result, they suffered no injury.

In addition to the case cited by the Plaintiffs [2], our research revealed a recent court of appeals decision lending further support to the Plaintiffs' contention that in some instances declaratory relief may be appropriate to challenge an annexation. In *Matter of the North I Annexation Area to City of Fort Wayne*, 652 N.E.2d 878, 879 (Ind.App.1995) (hereinafter *Matter of North I* ), we cited *Deaton* for the proposition that a remonstrance is the exclusive statutory means to challenge a municipal annexation and the only other method available to a taxpayer of the annexing municipality is a declaratory judgment suit. Further, we recognized that the validity of a declaratory judgment proceeding brought by city taxpayers is limited to situations in which the city common council's actions:

> . . . are clearly or patently illegal, or where the council acts without jurisdiction over

the subject matter, or where there is an unmistakable abuse of discretion in the council's decision to annex, or where wastage of public funds is present or imminent and is something more than the furnishing of the normal services and facilities attendant legal annexation.

*Id.* (citing *Montagano v. City of Elkhart* (1971), 149 Ind.App. 283, 271 N.E.2d 475, 480–81). This limitation was imposed because "[the] great and continued interest of the public in the fruits of annexation demands that such normal function of the city common council not be rendered impotent due to unjustified interference through taxpayer suits." *Id.* at 879 (citing *Montagano*, 271 N.E.2d at 480). In addition, we recognized two other instances in which a declaratory judgment action may be brought in contravention of the general statutory rule that remonstrance is the landowners' exclusive remedy for challenging a city's annexation. *Id.* at 879–80. Those instances where declaratory relief is appropriate are when: 1) a landowner is claiming that the land sought to be annexed was not contiguous to the annexing municipality's boundaries thus, creating a jurisdictional problem and 2) a person paying taxes on property located within the annexed area claims that the annexing municipality failed to adopt a written fiscal plan as required by 36–4–3–13(d). *Id.*

In *Matter of North I*, the landowners of the annexed territory were seeking declaratory relief to challenge an annexation. However, the court noted that the landowners did not claim that the land was not contiguous to the annexing municipality or that the municipality failed to adopt a written fiscal plan.[3] Rather, the landowners were challenging the adequacy of the municipality's previously adopted written fiscal plan. Thus, the court,

---

**2.** The Plaintiffs also rely upon *Stokes v. City of Mishawaka* (1982), Ind.App., 441 N.E.2d 24, in which landowners who owned property outside the city limits but adjacent to the zoned property were permitted to file a declaratory judgment action challenging a zoning ordinance because the zoning decreased the value of their property. The landowners were allowed to file for declaratory relief even though there was a specific variance review process provided by statute. However, in light of the existence of other caselaw dealing specifically with annexation challenges,

we do not find *Stokes* persuasive because it involved the challenge of a zoning ordinance, not an annexation ordinance.

**3.** In *Matter of North I*, the court did not discuss whether the landowners were claiming that the city council's action was clearly illegal, made without jurisdiction or resulted in the wastage of public funds. Thus, we assume that this exception to the general statutory rule requiring the filing of a remonstrance was not applicable under the facts of the case.

citing *City of Hobart v. Chidester* (1992), Ind., 596 N.E.2d 1374 (affirmed after remand *Chidester v. City of Hobart* (1994), Ind., 631 N.E.2d 908), held that the landowners' challenge of the written plan had to be through remonstrance, not a declaratory judgment.

In *City of Hobart,* the landowners of the annexed territory filed for remonstrance to challenge the adequacy of the city's written fiscal plan. Our supreme court recognized that annexation is a legislative function and becomes a question subject to judicial cognizance only upon review as provided by statute. *Id.* at 1376. Further, the court stated that a court is not authorized to act unless a remonstrance is filed; if a remonstrance is not filed, the annexation becomes effective. *Id.* The Town asserts that *City of Hobart* stands for the proposition that the only way to challenge a municipal annexation is by filing a remonstrance. Thus, they contend that declaratory judgment actions are never permissible to challenge an annexation. We disagree. In *City of Hobart,* the court was not presented with the issue of whether declaratory relief may be appropriate to contest an annexation because the landowners of the annexed area filed only a remonstrance challenging the city's written fiscal plan. Because the landowners did not attempt to seek declaratory relief, and since the general rule requires the filing of a remonstrance, the court had no reason to delve into the exceptions to the general rule. Therefore, contrary to the Town's assertions, we decline to interpret *City of Hobart* as holding that an annexation challenge may never be pursued through a declaratory judgment action. Instead, we find that in certain limited instances, as set forth in *Matter of North I,* declara-

tory relief may be sought to challenge an annexation.[4]

In the present case, the Plaintiffs did not claim that the annexed land was not contiguous to the Town's boundaries. Rather, they asserted that the Town failed to adopt a written fiscal plan, which in *Matter of North I* we stated was a claim that could be pursued through a declaratory judgment action by a person paying taxes on land located within the annexed territory. However, neither the Plaintiffs' complaint nor their motion to amend alleged that the partnership land owned by Prock[5] was within the annexed territory. The proposed amendment only contained an allegation that the partnership property was located within the Town's limits. Therefore, the Plaintiffs did not satisfy the exception permitting an action for declaratory relief by a person paying taxes on property located within the annexed territory.[6] Furthermore, we find no allegation that the Town Council's decision to annex the property was made without jurisdiction, was clearly or patently illegal, or resulted in a wastage of public funds.

Additionally, the Plaintiffs also allege that the annexation ordinance was invalid in that the Town failed to act on the petition for annexation within sixty days after it was filed as required by I.C. § 36–4–3–5(b). However, we need not decide whether the Plaintiffs can seek declaratory relief regarding this alleged error. I.C. § 36–4–3–5(b) provides that persons who have filed a petition requesting that a municipality annex their land may seek court action against the annexing municipality for its failure to act on their petition within sixty days.[7] In the present case, the

---

4. We note that in *Matter of North II Annexation Area to City of Fort Wayne,* 654 N.E.2d 284, 289 (Ind.App.1995), this court cited *Matter of North I* and found that the plaintiffs qualified under one of the limited instances in which declaratory relief could be pursued to challenge the annexation.

5. The motion to amend did not allege that the Shrouts were taxpayers of the Town. Thus, the Shrouts clearly did not have standing to pursue an action for declaratory relief challenging the annexation. However, pursuant to *Stokes,* 441 N.E.2d at 24, the Shrouts did have standing to file a declaratory judgment action challenging the zoning.

6. As a result, we need not decide whether the trial court erred in denying the Plaintiffs' motion to amend the portion of their complaint challenging the annexation because even if the Plaintiffs had been permitted to amend the complaint to establish that they were taxpayers of the Town, they still would not have been entitled to file for declaratory relief under any of the limited exceptions to the statutory remonstrance requirement.

7. I.C. § 36–4–3–5(b) provides:

 If the legislative body fails to pass the ordinance within sixty (60) days after the date of filing of a petition under subsection (a), the petitioners may file a duplicate copy of the

Plaintiffs were not the petitioners seeking annexation of their land. Rather, they opposed the annexation. Therefore, because the sixty day time limit was not intended to benefit persons such as the Plaintiffs, they have not been harmed by the Town's alleged failure to act within sixty days. Accordingly, they have no standing to raise such a challenge.

Hence, we conclude that the Plaintiffs were not entitled to seek declaratory relief to challenge the annexation.

### III. Zoning Challenge

 The Plaintiffs also contend that the trial court erred in dismissing the charge in their complaint that the zoning portion of Ordinance No. 5 was illegal. Zoning authority is an exercise of the state's police power. *City of Evansville v. Reis Tire Sales, Inc.* (1975), 165 Ind.App. 638, 333 N.E.2d 800, 801. The Plaintiffs assert that a municipality cannot contract away its police powers and that the HCA was a contract for zoning in that the Town contracted away its power to zone the annexed property. Specifically, the Plaintiffs claim that in the HCA the Town promised to zone the annexed property in a way that favored Waste Management in exchange for Waste Management's promise to pay three installments of $50,000 to the Greater Danville Chamber of Commerce.

Indiana courts have not yet addressed the issue of whether a contract for zoning is illegal. However, several courts in our sister states have considered the issue and, in general, they hold that contract zoning is illegal. *See Ford Leasing Development Co. v. Board of County Com'rs* (1974), 186 Colo. 418, 528 P.2d 237, 240 (recognizing that the general

rule in most states is that contract zoning is illegal as an ultra vires bargaining away of the police power); *see also Hedrich v. Village of Niles* (1969), 112 Ill.App.2d 68, 250 N.E.2d 791, 795 (zoning ordinances should not be subject to bargaining or contract).

In *Dacy v. Village of Ruidoso* (1992), 114 N.M. 699, 845 P.2d 793, 796, a contract for zoning was defined as:

> ... an agreement between a municipality and another party in which the municipality's consideration consists of either a promise to zone property in a requested manner or the actual act of zoning the property in that manner ...

Although the *Dacy* court refused to subscribe to a per se rule against contract zoning, it did state that in most situations contract zoning is illegal. *Id.* 845 P.2d at 797. Further, the court recognized that numerous courts have in fact declared contract zoning invalid per se because it is an illegal bargaining away or abrogation of the police power. *Id.; see also* 1 Patrick J. Rohan, *Zoning and Land Use Controls* § 5.02(2)(a) (1995). The rationale behind many of these decisions is that:

> "[z]oning is an exercise of the police power to serve the common good and general welfare. It is elementary that the legislative function may not be surrendered or curtailed by bargain or its exercise controlled by the considerations which enter into the law of contracts."

*Id.* (citing *V.F. Zahodiakin Eng'g Corp. v. Zoning Bd. of Adjustment,* (1952), 86 A.2d 127, 131); *see also Hartnett v. Austin* (1956), Fla., 93 So.2d 86, 89 (adoption of an ordinance is an exercise of municipal legislative

petition in the circuit or superior court of the county in which the territory is located, and shall include a written statement of why the annexation should take place. Notice of the proceedings, in the form of a summons, shall be served on the municipality named in the petition, which is the defendant in the cause and shall appear and answer as in other cases. The court shall hear and determine the petition without a jury, and shall order the proposed annexation to take place only if the evidence introduced by the parties establishes that:
(1) essential municipal services and facilities are not available to the residents of the territory sought to be annexed;

(2) the municipality is physically and financially able to provide municipal services to the territory sought to be annexed;
(3) the population density of the territory sought to be annexed is at least three (3) persons per acre; and
(4) the territory sought to be annexed is contiguous to the municipality.
If the evidence does not establish all four (4) of the preceding factors, the court shall deny the petition and dismiss the proceeding.

power, if a municipality could legislate by contract then each citizen would be governed by an individual rule based upon the best deal he could make with the municipality; such is certainly not consonant with our notion of government by rule of law that treats all similarly situated alike). Additionally, the *Dacy* court recognized that:

A contract in which a municipality promises to zone property in a specified manner is illegal because, in making such a promise, a municipality preempts the power of the zoning authority to zone the property according to prescribed legislative procedures. Our statutes require notice and a public hearing prior to passage, amendment, supplement, or repeal of any zoning regulation. (citation omitted). The statutes also grant to citizens and parties in interest the opportunity to be heard at the hearing. (citation omitted). By making a promise to zone before a zoning hearing occurs, a municipality denigrates the statutory process because it purports to commit itself to certain action before listening to the public's comments on that action.

*Id.* 845 P.2d at 797. Thus, in an effort to ensure that statutory zoning procedures are not circumvented and to protect the public process of notice and comment regarding zoning proposals, several courts have deemed contract zoning to be illegal.[8]

Before taking it upon ourselves to decide whether contract zoning should be deemed illegal in Indiana, we must first determine if a contract for zoning was actually made in the present case.

▮▮▮▮ After examining the HCA we find, as did the trial court, that it does not contain a promise by the Town that it would zone the property in any particular way. Rather, the agreement provides:

In consideration of the payment of the Host Community Fee, the Town agrees to actively support ongoing landfill operations within the [annexed area] and Waste Management's attempts to secure all permits and approvals for [expanding the landfill] area. Such support may include without limitation the submission of whatever reasonable documentation is required to establish the Town's need for the expansion of the [landfill] upon receiving a request to do so from Waste Management or IDEM.

R. at 38. Although pursuant to the HCA the Town agreed to actively support Waste Management's operation of the landfill as well as any efforts it may make in the future to expand the landfill, the Town was not contractually bound to zone the property in a particular way or to promise that in the future it would rezone the property to expand the landfill. Further, the Town did not promise to support Waste Management's efforts regardless of whether those efforts were in compliance with the Town's statutory zoning procedures. Thus, we cannot agree with the Plaintiffs' contention that by promising to support Waste Management's efforts regarding the landfill, the Town bartered away its decision making authority regarding zoning for the landfill.[9]

Moreover, we note that the zoning ordinance had already been approved by the Town Council prior to the Town's signing of the HCA. Ordinance No. 5 received final approval on February 22, 1994. The final draft of the HCA was dated March 9, 1994, and contained a provision that the agreement

---

**8.** We note that in the present case the Plaintiffs have not alleged that the Town failed to follow any of its statutory zoning procedures. In fact, at oral argument counsel for Waste Management and the Leondis' brought to the court's attention, without challenge from the Plaintiffs' counsel, that the Plaintiffs vehemently opposed the proposed zoning before the local body responsible for the zoning. Thus, it appears that the Plaintiffs were not denied the public process of notice and comment regarding the Town's proposed zoning.

**9.** We recognize that the procedural aspect of this case is governed by T.R. 12(B)(6) and that in dismissing a complaint under that rule, the facts alleged in the complaint must be taken as true. However, only well-pleaded material facts must be taken as admitted. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 573. A court should not accept as true allegations that are contradicted by other allegations or exhibits attached to or incorporated in the pleading. *Id.* Here, the Plaintiffs' attached a copy of the HCA to their complaint. The Plaintiffs' allegations that the HCA constituted a contract for zoning are contradicted by the language of the HCA, and thus, we need not take the Plaintiffs' allegations to the contrary as true.

would become effective after the clerk of the Town recorded Ordinance No. 5 following the 60 day period for remonstrance. Thus, the Town had already zoned the annexed property, pursuant to its statutory zoning procedures, before it entered into the HCA. As a result, the Town could not have contracted away its power to zone the property since it had already, in fact, done so. Accordingly, we hold that the HCA did not constitute a contract for zoning and the trial court properly granted the Town's motion to dismiss the complaint based on that ground. Because we conclude that there was no contract for zoning made between the Town and Waste Management, we decline to express an opinion as to whether such contracts are in fact illegal and may result in rendering a zoning ordinance void.[10] This decision is left for another day.

In conclusion, we hold that the trial court was correct in dismissing the Plaintiffs' complaint as to both the annexation and zoning challenges.

Judgment affirmed.

ROBERTSON, J., concurs in result:

GARRARD, J., concurs.

---

10. We note that the Plaintiffs' complaint does not contain any allegations that Waste Management or the Leondis' had entered into an oral contract for zoning, or any other type of zoning agreement, with the Town before the HCA was signed. If there had been such a prior contract for zoning between those parties, we would be forced to reach the question of whether contract zoning is illegal.