686 So.2d 1358 (1996)
Wen Y. CHUNG, as Trustee U/A/D June 5, 1986, Appellant,
v.
SARASOTA COUNTY, a Political Subdivision of the State of Florida, and The Board of County Commissioners of Sarasota County, Florida, and its Commissioners, Wayne L. Derr, Charley Richards, Robert L. Anderson, David R. Mills, and Eugene A. Matthews, in their official capacities, Appellees, and
Elling O. Eide and Holiday Harbor Homeowners Association, Inc., Intervenors/Appellees.
Nos. 95-04581, 95-04911.
District Court of Appeal of Florida, Second District.
December 27, 1996.
Stephen D. Rees and Julie Ginsburg Eller of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant.
Elizabeth M. Woodford, Assistant County Attorney, Sarasota, for Appellee Sarasota County and its Commissioners.
Donald E. Hemke of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for Appellee/Intervenor Eide.
Daniel J. Lobeck of The Law Offices of Lobeck & Hanson, P.A., Sarasota, for Appellee/Intervenor Holiday Harbor.
BLUE, Judge.
In these consolidated cases, Wen Y. Chung, as trustee, appeals two orders by the circuit court. The first order allowed the Holiday Harbor Homeowners Association to intervene. Because Holiday Harbor's substantial interests were affected and because it moved to intervene while a rehearing was pending, we affirm this order without further discussion. See, e.g., Wilson v. Clark, 414 So.2d 526, 530 (Fla. 1st DCA 1982) ("Finality *1359 of a determination does not ... occur until time expires to file a rehearing petition and disposition thereof if filed...."); Friedland v. City of Hollywood, 130 So.2d 306 (Fla. 2d DCA 1961) (holding that adjacent property owners had standing to challenge rezoning). The second order on appeal vacated a stipulated final judgment entered in a zoning dispute between Chung and Sarasota County. Based on the following analysis, we have concluded that Sarasota County's purported settlement agreement constituted improper contract zoning. Accordingly, we affirm the trial court order that vacated the final judgment.
Briefly stated, the facts are these. In 1990, Chung filed a petition with Sarasota County to rezone approximately eleven acres of land. After the rezoning petition was denied by the Sarasota County Commission, Chung filed legal actions in the circuit court. Subsequently, Chung and the County entered into a settlement agreement, which obligated the County to rezone Chung's property subject to numerous stipulations and conditions. Based on the settlement, the trial court entered a stipulated final judgment and retained jurisdiction over its enforcement. An adjacent property owner, Elling O. Eide, filed a motion to intervene that the trial court granted for the limited purpose of a rehearing. The Holiday Harbor Homeowners Association also intervened. After a hearing, the trial court vacated the stipulated final judgment and Chung appeals.
Chung argues that the trial court erred in vacating the stipulated final judgment because counties have the authority to enter into contracts and to settle litigation. Eide and the Homeowners Association argue that the settlement agreement and final judgment were invalid as contract zoning and as violative of due process and various statutes and ordinances related to zoning. We accept the general rule that "[a] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla.1971). For the following reasons, however, we have reached the conclusion that this zoning dispute was not a matter upon which it was appropriate to stipulate.
"Contract zoning" refers to an agreement between a property owner and a local government where the owner agrees to certain conditions in return for the government's rezoning or enforceable promise to rezone. James D. Lawlor, Annotation, Validity, Construction, & Effect of Agreement to Rezone, or Amendment to Zoning Ordinance, Creating Special Restrictions or Conditions Not Applicable to Other Property Similarly Zoned, 70 A.L.R.3d 125, 131 (1976).
Contracts have no place in a zoning plan and a contract between a municipality and a property owner should not enter into the enactment or enforcement of zoning regulations.... [A] purported contract so made is ultra vires and all proceedings to effectuate it are coram non judice and utterly void.
E.C. Yokley, 4 Zoning Law & Practice § 25-11, at 321 (4th ed. 1979) (footnote omitted). In P.C.B. Partnership v. City of Largo, 549 So.2d 738 (Fla. 2d DCA 1989), this court held that a contract was ultra vires and unenforceable because it purported to restrict the City's decision-making authority on development issues. "The City does not have the authority to enter into such a contract, which effectively contracts away the exercise of its police powers." 549 So.2d at 740 (citations omitted).
One of the reasons contract zoning is generally rejected is because "[t]he legislative power to enact and amend zoning regulations requires due process, notice, and hearings." Terry Lewis et al., Spot Zoning, Contract Zoning, & Conditional Zoning, in 2 Florida Environmental & Land Use Law 9-1, 9-13 (James J. Brown, ed., 2d ed. 1994).
Assuming that the developer and municipality bargain for a rezoning ordinance that is fairly debatable and nondiscriminatory, *1360 contract zoning is nevertheless illegal when they enter into a bilateral agreement involving reciprocal obligations. By binding itself to enact the requested ordinance (or not to amend the existing ordinance), the municipality bypasses the hearing phase of the legislative process.
Roy P. Cookston & Burt Bruton, Zoning Law, 35 U.Miami L.Rev. 581, 589 n. 34 (1981). In Hartnett v. Austin, 93 So.2d 86 (Fla.1956), the Florida Supreme Court declared a zoning ordinance invalid because it was conditioned upon separate collateral agreements with the developer. The court also noted:
If each parcel of property were zoned on the basis of variables that could enter into private contracts then the whole scheme and objective of community planning and zoning would collapse. The residential owner would never know when he was protected against commercial encroachment.... The adoption of an ordinance is the exercise of municipal legislative power. In the exercise of this governmental function a city cannot legislate by contract. If it could, then each citizen would be governed by an individual rule based upon the best deal that he could make with the governing body.
93 So.2d at 89. We conclude that the County's settlement agreement here presents a case of improper contract zoning. Although the County Commission approved the settlement at its regular meetings, it bypassed the more stringent notice and hearing requirements for a rezoning. When it entered into the settlement agreement that obligated it to rezone Chung's property, the County contracted away the exercise of its police power, which constituted an ultra vires act.
Chung argues that the County must still follow the formal requirements to enact the zoning amendments and that this process will provide the necessary due process opportunities for notice and a hearing. We reject this argument because the hearings that follow would be a pro forma exercise since the County has already obligated itself to a decision. See Zoning Board of Monroe County v. Hood, 484 So.2d 1331 (Fla. 3d DCA 1986) (binding County to stipulated final judgment, where the County had agreed to approve a development plan and rezone the site; no reference to contract zoning but discussing potential collateral attacks on the stipulated judgment by non-parties). In Molina v. Tradewinds Development Corp., 526 So.2d 695 (Fla. 4th DCA 1988), the Fourth District approved a settlement agreement similar to the one between Chung and Sarasota County and affirmed an order compelling the City to comply by rezoning in conformity with the agreement. Without discussing the issue of contract zoning, the court held that the orders did not abrogate or modify the City's obligation to follow applicable zoning laws, including requirements for public hearings. On this point, we disagree with the Fourth District because the County has already made its rezoning decision. Its obligation to follow applicable zoning laws, including requirements for public hearings, is an obligation that must be exercised prior to the decision-making, not afterwards.
We are concerned about impairing a local government's ability to settle litigation. On the other hand, we can envision developers filing an unacceptable plan for rezoning, appealing its denial, and then obtaining approval of a modified plan by settlement agreement before satisfying the public notice and hearing requirements. While we do not suggest that this happened in the present case, the fact remains that the County bound itself to enact the requested rezoning before the matter was noticed or scheduled for the required hearings. As a final note, we point out an interesting provision in chapter 163, Florida Statutes (1995). Aggrieved parties are entitled to bring suit to prevent local government action that would be inconsistent with the comprehensive plan. § 163.3215(1). "In any action under this section, no settlement shall be entered into by the local government unless the terms of the settlement have been the subject of a public hearing after notice as required by this part." § 163.3215(7). In the zoning and land use *1361 arena, we find reassuring this legislative recognition of the need to afford due process, notice and hearing before settlement terms are approved. By prohibiting contract zoning, the same due process rights have been protected in the local exercise of zoning power.
Accordingly, we affirm the trial court's order in this case, which vacated the stipulated final judgment between Chung and Sarasota County. Further, we certify the following question of great public importance:
WHETHER A COUNTY OR LOCAL GOVERNMENT CAN ENTER INTO A SETTLEMENT AGREEMENT IN ZONING LITIGATION WITHOUT FIRST ADHERING TO THE DUE PROCESS AND STATUTORY/ORDINANCE REQUIREMENTS FOR ENACTING THE ZONING CHANGES CONTEMPLATED BY THE AGREEMENT?
SCHOONOVER, A.C.J., and FULMER, J., concur.