834 So.2d 370 (2003)
ALACHUA COUNTY, Florida, Appellant,
v.
FLORIDA ROCK INDUSTRIES, INC., Appellee.
No. 1D01-5008.
District Court of Appeal of Florida, First District.
January 14, 2003.
*371 David Wagner, County Attorney, David C. Schwartz, Assistant County Attorney, Gainesville, for Appellant.
John A. DeVault, III, and Courtney K. Grimm of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellee.
ERVIN, J.
Appellant, Alachua County, appeals from a final summary judgment wherein the trial court held that under section 171.062, Florida Statutes (1999), appellant no longer has the authority to enforce its developer's agreement with appellee, Florida Rock Industries, because the City of Newberry annexed the Florida Rock property. Alachua County contends the trial court erred by concluding that the statute applies to the developer's agreement, because the agreement is a contract rather than a law, ordinance, or regulation under section 171.062. We affirm, because the pertinent statutes provide that the local government has jurisdiction to regulate the development of property.
Alachua County's Board of County Commissioners approved Florida Rock's request to build a cement plant in the unincorporated area of the county. The parties entered into a developer's agreement that required Florida Rock to implement certain environmental monitoring requirements for the site. The county asserted that it hired an environmental contractor to perform baseline monitoring under the agreement, for which Florida Rock had reimbursed the county, and that the county had incurred some nonreimbursable costs.
Florida Rock petitioned the City of Newberry to annex the Florida Rock property, which is contiguous to the city.[1] In 1999, the city enacted an ordinance annexing the property and amended its comprehensive plan to incorporate the annexation.[2] Pursuant to a city resolution, Florida Rock and the City of Newberry executed a reformed developer's agreement to supplant the agreement between Alachua County and Florida Rock.
Alachua County sued Florida Rock, alleging breach of contract and seeking declaratory and injunctive relief. The trial court entered summary judgment against the county, finding that under its home rule charter, Alachua County's land-use responsibilities extend only to its unincorporated area; that the Alachua County Code expressly provides that section 171.062 applies to annexations within the county; and that under subsections 171.062(1) and (2), Alachua County's control over the development of the Florida Rock property passed to the City of Newberry, the county's "successor in interest."[3]
Section 171.062 provides, in pertinent part:
(1) An area annexed to a municipality shall be subject to all laws, ordinances, and regulations in force in that municipality and shall be entitled to the same privileges and benefits as other parts of that municipality upon the effective date of the annexation.
(2) If the area annexed was subject to a county land use plan and county zoning *372 or subdivision regulations, these regulations remain in full force and effect until the municipality adopts a comprehensive plan amendment that includes the annexed area.
The lower court held: "As the City of Newberry has annexed Florida Rock's property and adopted a Comprehensive Plan amendment including Florida Rock's property, Alachua County's regulations pertaining to Florida Rock's property, including the Special Use Permit, the site plan approval and the [Developer's] Agreement, are no longer in force and effect."
Although a developer's agreement is contractual in nature,[4] and is not itself a law, ordinance, regulation, or land-use plan, which are the subjects of section 171.062, the statutes relevant to the issue at bar demonstrate that the county can no longer exercise control through its developer's agreement with Florida Rock, because it is no longer the local government that has jurisdiction over Florida Rock's property.
The authorization for local governments to enter into development agreements with developers is statutory. §§ 163.3220.3243, Fla. Stat. (1999) (Florida Local Government Development Agreement Act). Section 163.3223 provides that a local government may enact procedures regulating the creation of such agreements pertaining to "real property located within its jurisdiction " (emphasis added). As stated above, sections 171.062(1) and (2) provide that any area a municipality annexes is subject to the city's laws, ordinances, regulations, land-use plan, and zoning regulations. Within the Local Government Comprehensive Planning and Land Development Regulation Act,[5] which authorizes local governments to enact comprehensive land-use plans, section 163.3171, Florida Statutes (1999), provides in subsection (1) that a municipality shall exercise authority under the act "for the total area under its jurisdiction," and in subsection (2) that a county shall exercise authority "for the total unincorporated area under its jurisdiction "(emphasis added). Section 163.3220(3) expressly requires the laws authorizing development agreements to conform to, further, and implement the aforementioned Local Government Comprehensive Planning and Land Development Regulation Act. Section 163.3220(5) affirms that the laws authorizing development agreements are not in derogation of any existing powers.
These statutes show that local governments may implement and supervise development agreements addressing development within their jurisdictions, and the agreements must comport with the local government's land-use plan. When read in pari materia, the statutes reasonably imply that when jurisdiction over property changes as a result of municipal annexation, the municipality becomes the successor in interest to development agreements the county has entered into, because the county cannot exercise land-use control over property no longer within its jurisdiction, and the municipality must be able to monitor compliance with the terms of its own land-use plan incorporating the new property.
AFFIRMED.
DAVIS, J., concurs; BOOTH, J., dissents.
NOTES
[1] See § 171.044(1), Fla. Stat. (1999) (authorizing voluntary annexation).
[2] The validity of the annexation is the subject of an action pending in circuit court. Crouch v. City of Newberry, No. 99-2226-CA (8th Cir. Ct.).
[3] Section 163.3239, Florida Statutes (1999), provides that any successors in interest to a development agreement take on the agreement's burdens and benefits.
[4] See, e.g., Morgran Co. v. Orange County, 818 So.2d 640 (Fla. 5th DCA 2002) (defining a development agreement as a contract that provides a developer with vested rights by freezing the local government's zoning regulations in exchange for public benefits).
[5] §§ 163.3161-.3215, Fla. Stat. (1999).